STEPHEN, PUTNEY & CO. v. McDOW, ASSIGNEE.

1. COSTS—WORDS AND PHRASES.—"Expenses of the action" means such items of costs and disbursements as are allowed by statute, and does not include traveling expenses.
2. IBID.—IBID.—"NECESSARY DISBURSEMENTS" does not include traveling expenses of plaintiff.

Before TOWNSEND J., York, January, 1896.    Reversed.

Action by Stephen Putney & Co. *v.* Thos. F. McDow, as assignee, *et al.* The following embraces so much of the decree as is questioned : "The complaint filed in this action was for the judgment creditors therein named, for their benefit and behoof alone; but Judge Benet in his above mentioned decree adjudged the complaint to be creditors' bill for the benefit of all the creditors of the assignors who are willing to contribute their share of the expense of the action. It is only equitable and just that all necessary disbursements made and incurred by the original plaintiffs in the complaint in this action, including their traveling expenses in prosecuting the action to judgment, or more properly speaking until the rendition of the decree of Judge Benet on August 28th, 1895, should be refunded to them before the fund coming into the hands of the receiver shall be applied ratably to the claims complying with all the provisions of Judge Benet's decree. It is, therefore, ordered, decreed and adjudged, that the original plaintiffs in this action, within thirty days from receipt of written notice of the filing of this decree, do file with the receiver a verified statement of their several dis-

bursements from the commencement of the action until the filing of Judge Benet's decree, and that the receiver, out of the first moneys coming into his hands, be and he is hereby required to pay said disbursements in full before applying and distributing any portion of the funds to the claims of creditors."

From this decree the defendants, Cartwright & Co., and the creditors who came in under the call, appeal.

*Messrs. Thos. F. McDow* and *C. E. Spencer,* for appellants.    The latter cites: *On question:* Bail. Eq., 297;  Code, 326; 2 Bail., 117;  Rev. Stat., 2327; 13 S. C., 447; 23 S. C., 119.

*Messrs. Wm. B. McCaw* and *Hart & Hart,* contra.    The former cites: *Appeal should not be heard on fragment of decree:* 42 S. C., 12; 45 S. C., 156.

Jan. 30, 1899.  The opinion of the Court was delivered by

Mr. Justice Gary.   The appeal herein raises the question, whether the words "expenses of the action," which were used by his Honor, Judge Benet, in his decree, include the traveling expenses of the plaintiffs incurred in attending the Court.   The presiding Judge, by the use of the words "expenses of the action," meant such items of costs and such disbursements as were allowed by the statute.   The traveling expenses could not be taxed as *costs* in the action, as there is no statutory provision for such items as costs.

The next question is whether they could be considered as "necessary disbursements."   The respondent's attorney was not able to refer the Court to any authority authorizing such expenditures to be taxed as disbursements.   As the statute does not allow to a plaintiff or a defendant the fees of a witness, even when they testify, it would seem to follow that they should not be allowed to tax their traveling expenses as necessary disbursements.   The law

contemplates the attendance of both the plaintiff and the defendant upon the trial of the case, and in the absence of a statute allowing them to tax such items as disbursements, they should not have been allowed.

It is the judgment of this Court, that the order of the Circuit Court be reversed.